## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**GEORGE MOYA,**

      **Plaintiff,**

**vs.**                                                            **No. CIV 04-0172 RB/DJS**

**KAY SCHOLLENBARGER, General
Manager, New Mexico State Fair, in her
Individual Capacity, ROBERT TAFOYA,
Director of Operations, New Mexico
State Fair, in his Individual Capacity,
RAUL MONTOYA, Electrician,
"Supervisor of All Trades," New Mexico
State Fair, in his Individual Capacity,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion for More Definite Statement (Doc. 7), filed on April 6, 2004. Jurisdiction is founded upon 28 U.S.C § 1331. Having reviewed the submissions of the parties and the relevant law, I find that this motion should be granted.

Plaintiff (Moya) alleges that he was "involuntarily separated" from his employment as a plumber at the New Mexico State Fair, effective April 25, 2003. (Compl. ¶ 12.) Moya asserts that the involuntary separation from his job was caused by an on-the-job injury, which was, in turn, caused by hostile work conditions. (Compl. ¶¶ 13-14.) The hostile work conditions were allegedly inflicted in retaliation for Moya's speech on matters of public concern. (Compl. ¶ 15.)

The matters of public concern included illegal use of Moya's plumber's license by state fair employees, unjust and illegal exploitation of state fair employees, violation of fair labor standards by state fair employees, violation of the Family and Medical Leave Act at the state fair, supervision by

unqualified personnel at the state fair, and "other matters of public concern." (Compl. ¶ 15.) Moya asserts the retaliation violated his First Amendment rights and that he is entitled to recover compensatory damages, punitive damages, attorney fees, and costs pursuant to 42 U.S.C. § 1983.

Defendants argue that Moya should be ordered to make a more definite statement so that they can adequately prepare a responsive pleading. Moya responds that the Complaint satisfies FED. R. CIV. P. 8(a), and that Defendants may obtain sufficient information through discovery. Defendants reply that they require a more definite statement to prepare their response, rule out inapplicable theories, and tailor discovery.

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). Motions for more definite statement are disfavored in light of the liberal discovery provided under the federal rules. *Resolution Tr. Corp. v. Thomas*, 837 F.Supp. 354, 355 (D. Kan.1993). They are granted only when a party is unable to determine the issues requiring a response. *Id.* Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992). The question of whether to grant a motion for a more definite statement is committed to the sound discretion of the trial court. *Old Time Enters. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989).

Implicit in a First Amendment retaliation claim is a requirement that the public employer inflicted an adverse employment action on the employee. *Belcher v. City of McAlester*, 324 F.3d 1203, 1207 n.4 (10th Cir. 2003). The Complaint does not delineate whether the alleged adverse employment action was the hostile work environment, the injury, the involuntary separation, or all three. There are no allegations as to the timing of Moya's speech in relation to the alleged adverse

employment action.  The Complaint omits any factual allegations concerning any wrongful conduct on behalf of each Defendant.  Defendants' hands are tied in responding to the Complaint because they do not know what role they had in the alleged retaliation.  Under these circumstances, I conclude that Defendants' Motion for More Definite Statement should be **GRANTED**.

**WHEREFORE,**

      **IT IS ORDERED** that Defendants' Motion for More Definite Statement  (Doc. 7), filed on April 6, 2004, is **GRANTED**.

      **IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint that corrects the deficiencies identified by this Memorandum Opinion and Order by June 11, 2004.


_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**